# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724 |
| | Civ. No. 2:18-cv-04137-CMR |
| THIS DOCUMENT RELATES TO: *Marion Diagnostic Center, LLC, et al. v. McKesson Corporation, et al.* | |

### PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

Plaintiffs Marion Diagnostic Center, LLC and Marion Healthcare, LLC ("Marion") respectfully move for leave to amend their complaint.

In April 2019, Marion filed a Second Amended Complaint that focused on the role of Defendants McKesson Corporation and McKesson Medical-Surgical Inc. ("McKesson") in the overarching conspiracy at the heart of this multidistrict litigation. (Doc. No. 68.) The Court dismissed that complaint, noting that "Marion's claims against McKessson do not rest on direct evidence of an agreement," and finding that Marion's allegations were "not enough to permit the Court to infer than McKesson agreed to participate" in the conspiracy. (Doc. No. 112 at 6, 12.) If McKesson is not a conspirator, the Court held, then Marion is an indirect purchaser, and its claim under the Clayton Act is barred by *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977). (*Id.* at 13–14.) Moreover, the Court held that Marion would not have standing to assert class claims under the laws of states that allow claims by indirect purchasers "[b]ecause Marion may only proceed as a plaintiff under Illinois law on behalf of itself and because Marion's federal antitrust claim is not

sufficiently pled to withstand dismissal." (*Id.* at 16–17.) The Court did leave open the possibility of amendment, stating that "if Marion can allege sufficient facts to state a claim against McKesson, Marion may seek leave to amend its claims against McKesson by filing a motion for leave within 30 days of the Court's disposition of the last of the remaining motions to dismiss that are now pending in Civil Action No. 18-4137." (Doc. No. 113.)[1]

Discovery has shown that what Marion believed to be true through circumstantial evidence—that McKesson was an active participant in the conspiracy—can be proven through direct evidence. As described in Marion's proposed Third Amended Complaint, as well as the Indirect Reseller Plaintiffs' December 2019 complaint (No. 19-cv-6044, Doc. No. 1 ("IRP Complaint")), McKesson was a messenger and broker, communicating information necessary to maintain the manufacturers' market allocation scheme, with full knowledge of its role in the conspiracy. IRP Complaint ¶¶ 259–89. For example, McKesson willingly conveyed information crucial to Defendant Heritage Pharmaceuticals Inc. in its bid to gain share for the drug Amikacin while keeping prices artificially high. *Id.* ¶¶ 275–80.

As the Court pointed out in its opinion on Marion's Second Amended Complaint, "An agreement may be shown 'by alleging direct or circumstantial evidence, or a combination of the two.'" (Doc. No. 112 at 6 (quoting *W. Penn Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85, 99 (3d Cir. 2010)).) Marion's proposed Third Amended Complaint offers the direct evidence that was missing from its Second Amended Complaint. Thus, Marion has cured its failure to state a claim on which relief can be granted. And because McKesson can be shown to be a co-conspirator,

---

[1] This motion is timely because Ascend Laboratories, LLC's motion to dismiss (Doc. No. 101) was pending in Civil Action No. 18-4137 when the Court entered its order, and the Court has not disposed of that motion. In addition, the proposed Second Case Management Order allows Private Plaintiffs to amend any complaint filed before September 1, 2019 on or before August 28, 2020, to the extent the amendments relate to generic pharmaceutical molecules introduced into the MDL by complaints filed on or before July 10, 2020. Marion's proposed Third Amended Complaint amends the Second Amended Complaint (which was filed on April 1, 2019) in this way.

Marion is entitled to take advantage of the co-conspirator exception to *Illinois Brick*. (*See id.* at 14 ("Marion's allegation that McKesson 'must have known' about the alleged conspiracy is not enough to plead that McKesson is a co-conspirator, so as to exempt Marion from the *Illinois Brick* bar against indirect purchaser claims.").) Similarly, because Marion can now assert a class claim for damages under the Clayton Act, it may pursue similar claims under state law (at least until its class allegations are tested under Rule 23). (*See id.* at 16–17 (dismissing Marion's state-law claims "because Marion's federal antitrust claim is not sufficiently pled to withstand dismissal").)

## CONCLUSION

"The court should freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). Marion has found the evidence missing in its Second Amended Complaint, and thus it should be given leave to file the attached Third Amended Complaint.

Dated:  August 28, 2020

Respectfully submitted,

_____
**WHATLEY KALLAS, LLP**
Henry C. Quillen
159 Middle St., Suite 2C
Portsmouth, NH 03801
Telephone: (603) 294-1591
Facsimile: (800) 922-4851
hquillen@whatleykallas.com

**WHATLEY KALLAS, LLP**
Joe R. Whatley, Jr.
Edith M. Kallas
152 West 57th Street, 41st Floor
New York, NY  10019
Telephone: (212) 447-7060
Facsimile: (800) 922-4851
jwhatley@whatleykallas.com
ekallas@whatleykallas.com

**BERRY LAW PLLC**
R. Stephen Berry
P.A. Bar No. 22418
1100 Connecticut Avenue, N.W.
Suite 645
Washington, D.C. 20006
Telephone: (202) 296-3020
Facsimile: (202) 296-3038
sberry@berrylawpllc.com

**Attorneys for Plaintiffs**